**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Recovery Housing Association, | No. CV-20-00893-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Health Services, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's joint motion for a temporary restraining order ("TRO") and preliminary injunction ("PI"). The standard for obtaining a TRO and a PI is identical. *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1072 (S.D. Cal. 2019). However, they serve different purposes. *W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008 (D. Or. 2019). Specifically,

> "[A] temporary restraining order serves a purpose different from that of a preliminary injunction. 'The purpose of a temporary restraining order is to preserve an existing situation *in status quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.'" *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842-43 (2d Cir. 1962) ); *see also Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996) ("[T]he purpose of a TRO under Rule 65 is to preserve the *status quo* so that a reasoned resolution of a dispute may be had."); *Bronco Wine Co. v. U.S. Dep't of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996) ("The purpose of a TRO is to preserve the *status quo* pending a full hearing on a preliminary injunction.").

*W. Watersheds Project*, 391 F. Supp. 3d at 1008–09. Additionally, while a TRO in some circumstances can be issued without notice, a PI cannot. *See* Fed. R. Civ. P. 65; *see also Synopsys, Inc*. 401 F. Supp. 3d at 1072 ("the primary difference [between a TRO and a PI

is] duration: preliminary injunctions remain in force throughout the litigation, while TROs, which are traditionally entered on an *ex parte* basis, are limited to 28 days. *See* Fed. R. Civ. Pro. 65(b)(2).").

Here, Plaintiff conflated the TRO and PI request into a single document without specifying the relief is seeks. Plaintiff did not indicate it was seeking the TRO on an *ex parte* basis, but Plaintiff did not endorse Defendants on the certificate of service. (Doc. 8 at 18). Further, Plaintiff did not indicate it was seeking two separate remedies: a TRO for a limited period of time, to be followed by a PI after a hearing. (Doc. 8). Instead, Plaintiff merely said "oral argument requested." (Doc. 8 at 1). Plaintiff's proposed form of order only adds to the confusion. (Doc. 8-2). The proposed form of Order appears to seek only the relief of a TRO, meaning Plaintiff has failed to submit a proposed form of Order for the PI portion of the motion. (*Id.*). Further, the proposed form of Order makes no mention of whether Plaintiff anticipates giving Defendants notice, or the Court finding cause for not giving notice. (*Id.*). Most importantly, however, the Court should be able to determine the relief sought from the motion itself.

To allow the Court to manage its calendar, and to give Defendants fair notice of what remedies the Court is entertaining at any particular hearing, the currently pending joint motion for a TRO and PI will be denied, without prejudice. If Plaintiff in fact seeks a TRO immediately, Plaintiff must file a motion for a TRO. Plaintiff must indicate whether the TRO is being sought on an *ex parte* basis, and if so, must show why a TRO without notice is warranted under Federal Rule of Civil Procedure 65(b)(1). Further, Plaintiff must explain why, if the emergency relief of a TRO is necessary, it took Plaintiff six days from when the case was filed to seek the TRO. *See generally Oakland Tribune, Inc. v. Chronicle Pub. Co.* 762 F.2d 1374, 1377 (9th Cir. 1985).

Regardless of whether Plaintiff files a motion for a TRO, if Plaintiff seeks a preliminary injunction that would be in place for the duration of this litigation, Plaintiff must file a motion specifically seeking a preliminary injunction. Notice of this PI motion must be given to Defendants. Fed. R. Civ. P. 65(a)(1). The Court will not undertake to

1  hold a hearing on any request for a PI until Plaintiff files with the Court proof that
2  Defendants have been given notice of the motion. Further, any motion for a PI must
3  indicate whether Plaintiff seeks an evidentiary hearing on the motion.

4      Finally, in any re-filed request for a TRO or PI Plaintiff must indicate the amount
5  of the bond it will post if a TRO or PI is granted. *See* Fed. R. Civ. P. 65(c) ("The court
6  may issue a preliminary injunction or a temporary restraining order *only* if the movant gives
7  security in an amount that the court considers proper to pay the costs and damages sustained
8  by any party found to have been wrongfully enjoined or restrained.") (emphasis added).
9  The Court notes that the proposed form of order (Doc. 8-2) seeks to have the bond waived
10 for a TRO, but the motion itself makes no argument why such a waiver would be
11 appropriate. Further, neither the motion nor the proposed order makes reference to a bond
12 for a PI. While Plaintiff may argue to have the bond waived, Plaintiff must nonetheless
13 propose a bond amount in the event the Court rejects that argument.

14     Based on the foregoing,

15     **IT IS ORDERED** that the motion for temporary restraining order and preliminary
16 injunction (Doc. 8) is denied without prejudice.

17     Dated this 14th day of May, 2020.

James A. Teilborg
Senior United States District Judge